IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CASCADE GENERAL, INC., | ) | |
| | ) | No.  05-1334-HU |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| POWERHOUSE DIESEL SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Jill Schneider
Schwabe, Williamson & Wyatt
1211 S.W. Fifth Avenue, Suite 1900
Portland, Oregon 97204
    Attorney for plaintiff

Robert L. Aldisert
Cody M. Weston
Perkins Coie
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209
    Attorneys for defendant

HUBEL, Magistrate Judge:

 Plaintiff Cascade General, Inc. (Cascade) moves the court to correct the record with respect to the applicable statute governing

OPINION AND ORDER Page 1

the award of attorney's fees. The motion is denied because attorney's fee rulings are not necessary as part of the court's Findings of Fact and Conclusions of Law contained in the Opinion entered November 9, 2007. Pursuant to Rule 54(d)(2) and LR 54.3, attorney's fee claims are to be raised by motion after trial.

That being said, Cascade is correct that the governing statute for allocating attorney's fees when claims and counterclaims are made on the same contract is Or. Rev. Stat. § 20.077 (2005). See Robert Camel Contracting, Inc. v. Krautscheid, 205 Or. App. 498 (2006). Under § 20.077, the "prevailing party" is to be determined on a "claim by claim" basis. Id. at 504.

In this case, both Cascade and defendant Powerhouse Diesel Services, Inc. alleged claims for breach of contract. The court awarded both parties damages on those claims; thus, both parties prevailed on their claims and both are entitled to an award of attorney's fees incurred on those claims for which each prevailed.

Cascade's Motion to Correct (doc. # 124) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of March, 2008.

                          /s/ Dennis James Hubel
                          Dennis James Hubel
                          United States Magistrate Judge

OPINION Page 2